ALBANY,
October, 1824.

Cowen
v.
Bush.

## Cowen *against* Bush.

On error from the *Washington* Common Pleas. The cause was brought into that Court by appeal from a Justice's Court, wherein *Cowen* recovered a verdict and judgment of $50, against *Bush.* The latter appealed to the Common Pleas, and, according to the rules of practice in that Court, assigned errors generally, upon the coming in of the return, and *Cowen* pleaded *in nullo est erratum.* The cause was, thereupon, continued by *Curia advisare vult*, to *December* term of that Court, 1820; and then the record proceeded as follows : " Whereupon the said parties elected to have the said cause tried by the said Court, and not by a jury ; and thereupon the said Court caused the said parties to proceed to the hearing of the said cause, on the examination, in open Court, of the witnesses named in the said return, that were sworn and testified before the said Justice ; whereupon all and singular the said premises being seen, and by the Court, &c. fully understood," &c. (Judgment of reversal, as upon a writ of error.)

It is erroneous for a court of common pleas to proceed as a court of error, on appeal from a justice, and try the cause without jury, even though both parties elect this form of trial.

*L. Wait*, for the plaintiff in error. The Court below erected themselves into a Court of Error ; and all the proceedings went on upon this idea. They profess to give judgment of reversal as to the proceedings of the Justice, whereas they have no power even to reverse their own judgments. At most, this was an arbitration—a reference by consent, without any agreement that the Court should give judgment, which is void, within the cases of *Camp* v. *Root*, (18 *John.* 22) and *Yates* v. *Russell*, (17 *id.* 461.) The Court were bound to proceed upon this appeal, according to the course of the common law, which ties them to a trial by jury.

[Here *Wait* was stopped by the Court, who desired to hear the other side.]

*R. Weston*, for the defendant in error. It appears of record, that the parties elected the Court to stand in the place of a jury, and perform their office.

[WOODWORTH, J. So far it was very well; but where is the consent that they should go farther, and give judgment ?]

*Weston.* Numerous cases are cited in *Yates* v. *Russell,* where the parties substituted a less number of jurors than 12 to try the cause, upon which judgment was rendered, and holden well.———

[WOODWORTH, J. But had the Court any other rights than what were conferred by the agreement of the parties ? Is it any thing more than the selection of three by-standers, to arbitrate this matter ?]

*Weston.* It is like a trial by 3 jurors,

[SUTHERLAND, J. But in the cases to which you allude, all the forms of a trial are preserved—a venire, return, and a formal verdict entered. The record was perfect.]

*Weston.* Certainly the same thing was intended here. The election spoken of in the record, implies an agreement that the act of the Court should be equivalent to the finding of the jury. A party for whose benefit the trial by jury is intended, may waive it.

*Wait,* in reply, was again stopped by the Court, who all agreed that the case was too plain for argument.

Judgment reversed.